UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER M. MORGAN,

Plaintiff,

-against-

DAVID HOOVLER; JOHN DOE WALKLL COURT JUDGE,

Defendants.

26-CV-8845 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, who currently is in custody at the Central New York Psychiatric Center, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. He sues Orange County District Attorney David Hoovler and a John Doe judge at the "Walkill Court," which the Court understands to be the Wallkill Town Court in Wallkill, Orange County, New York. By Order dated October 26, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 5.) The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon,

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following allegations are drawn from the complaint.[2] Plaintiff states that the events giving rise to his claims occurred at the Wallkill Court between March 7, 2025, and May 5, 2025. Plaintiff was indicted on charges of robbery and making terrorist threats, charges which he claims were dismissed and resulted in "time served." (ECF 1, at 4.) Plaintiff was then indicted on "6 new charges," including attempted murder, assault, and robbery, which led him to believe that "something is going on" and that "the DA is cor[r]upt and was paid off." (*Id.*) Although the complaint is difficult to understand, Plaintiff also seems to allege that he did not receive a "grand jury hearing" within the required timeline. (*Id.*) Plaintiff further asserts that he is innocent and "invented Martha Washington to be a god." (*Id.*)

Plaintiff seeks $250,000,000.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as they appear in the complaint unless noted otherwise.

## DISCUSSION

### A. Judicial Immunity

The Court dismisses Plaintiff's claims against the John Doe Wallkill Town Court judge as barred by the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (explaining that the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven,* 579 F.3d at 209 (citations omitted). The doctrine applies "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. 349, 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).
Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted).

Here, Plaintiff's claims against the John Doe Wallkill Town Court judge appear to arise from actions taken in the course of Plaintiff's criminal proceedings. Plaintiff alleges no facts suggesting that the judge acted outside of his jurisdiction or in the absence of jurisdiction. Because Plaintiff sues the John Doe judge for "acts arising out of, or related to, individual cases before him," he is immune from suit for money damages. *Bliven*, 579 F.3d at 210. The Court

therefore dismisses Plaintiff's claims against the John Doe Wallkill Town Court judge because they seek monetary relief against a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

**B. Prosecutorial Immunity**

The Court must dismiss Plaintiff's claims against Orange County District Attorney Hoovler ("Hoovler"). Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). Prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against Hoovler are based on actions within the scope of his official duties in criminal proceedings. The Court therefore dismisses Plaintiff's claims against Hoovler because they seek monetary relief against a person who is immune from such claims, *see* 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, *see* 28 U.S.C.

§ 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D. Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011);*Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses the complaint for seeking monetary relief against defendants who are immune from such relief, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: November 17, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge